UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

HINSON PLUMBING COMPANY                                    PLAINTIFF


VERSUS                           CIVIL ACTION NO. 5:07cv146-DCB-JMR


LAKESIDE PLACE LLC; HINTON
CONSTRUCTION CO., INC.; AND
JOHN DOES 1-5                                             DEFENDANTS

<u>OPINION AND ORDER</u>

This matter comes before the Court on Defendant Lakeside
Place, LLC's Motion to Dismiss for Failure to State a Claim or,
Alternatively, for Judgment on the Pleadings [**docket entry no. 12**].
Having carefully considered the Motion, applicable statutory and
case law, and being otherwise fully advised in the premises, the
Court finds and orders as follows:

**I. BACKGROUND AND PROCEDURAL HISTORY**

At all relevant times, Defendant Lakeside Place, LLC
("Lakeside") was the owner a piece of land in Starkville,
Mississippi, on which a student housing project known as Lakeside
Place Student Housing ("the Project") was to be situated.  Lakeside
retained Place Collegiate Development, LLC ("Place") to develop the
Project on its behalf.

In 2005, Place entered into a contract with Defendant Hinton
Construction Company, Inc. ("Hinton Construction"), a general
contractor, for the construction of the Project.  Place required
Hinton Construction to obtain payment and performance bonds before

building began, and  Hinton Construction procured such bonds from Hartford Casualty Insurance Company in October 2005.  On January 19, 2006, Hinton Construction subcontracted the plumbing portion of the work on the Project to Plaintiff Hinson Plumbing Company ("Hinson Plumbing") for a total subcontract price of $716,000.00.

On July 23, 2007, Hinson Plumbing instituted an action in this Court against Lakeside and Hinton Construction.  In its complaint[1], Hinson Plumbing declares that it entered into a subcontract with Hinton Construction on January 19, 2006, for the provision of plumbing services for the Project.  (Compl. ¶ V.)  The plaintiff alleges Hinton Construction entered into a contract with Lakeside for the construction of the Project.  (Compl. ¶ VI.)  Hinson Plumbing also avers that it performed every part of the subcontract in a timely fashion, (Compl. ¶ VII), and that Hinton Construction has failed to make a $131,827.48 final payment to the plaintiff. (Compl. ¶ VIII.)  The plaintiff lastly states that Lakeside has failed to issue payment in the same amount to an unspecified person for work performed on the Project, and that such sum is past due and owed to the plaintiff.  (Compl. ¶ IX.)

Contemporaneously with the filing of its Answer [docket entry no. 11] on October 12, 2007, Lakeside filed its Motion to Dismiss

---

[1] On July 30, 2007, the plaintiff amended its complaint. Other than a demand for a jury trial and the attachment of the first page of the subcontract between Hinson Plumbing and Hinton Construction, the amended complaint is identical to the original complaint.

for Failure to State a Claim or, Alternatively, for Judgment on the
Pleadings [docket entry no. 12], which is now before the Court.  In
its Motion, Lakeside contends that the plaintiff has failed to
allege sufficient facts which, if proven, would enable it to obtain
relief against Lakeside.  Specifically, Lakeside posits that Hinson
Plumbing has not pleaded facts suggesting the existence of a
contractual relationship between itself and Lakeside, the breach of
a duty arising in contract or tort, or an equitable basis upon
which it is entitled to recover from Lakeside.  To date, the
plaintiff has not responded to Lakeside's Motion.

## II. JURISDICTION

Although the plaintiff failed to make a jurisdictional
statement in its complaint, the Court is satisfied that it
possesses subject matter jurisdiction over the action under 28
U.S.C. § 1332.  Complete diversity exists insofar as the plaintiff
is a Mississippi corporation and defendants Lakeside and Hinton
Construction are incorporated in Georgia and Louisiana,
respectively.  (Compl. ¶¶ I-III.)  The $75,000.00 amount in
controversy requirement is satisfied because the plaintiff demands
a judgment of $131,827.48 against the defendants.

## III. ANALYSIS

"If, on a motion asserting the defense numbered (6) to dismiss
for failure of the pleading to state a claim upon which relief can
be granted, matters outside the pleading are presented to and not

excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." FED. R. CIV. P. 12(b). Because Lakeside attached exhibits to its answer which it asks the Court to consider in ruling upon the instant Motion, the Court will treat its Motion as one for summary judgment.[2]

## A. Summary Judgment Standard

Summary judgment is apposite "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).[3] The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323

---

[2] On December 7, 2007, the Court advised the plaintiff by Order [docket entry no. 19] that it would construe Lakeside's Motion as one for summary judgment ten days following the Order's entry. To date, the plaintiff has not responded to said Order or to Lakeside's Motion.

[3] "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law. An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate Partnership v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted).

4

(1986).

     "Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the nonmoving party to show that summary judgment is inappropriate." <u>Morris v. Covan World Wide Moving, Inc.</u>, 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." <u>Anderson</u>, 477 U.S. at 252. The nonmovant must instead come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Summary judgment is properly rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex Corp.</u>, 477 U.S. at 322.

*B. Lakeside Is Entitled to a Judgment as a*
*Matter of Law on Hinson Plumbing's Claim*

The only claim under Mississippi law[4] which the plaintiff plausibly states in its complaint against Lakeside is one for a statutory lien against the funds in the hands of an owner due a contractor pursuant to Mississippi Code Annotated § 85-7-181.[5] However, as Lakeside points out, a related statute, Mississippi Code Annotated § 85-7-185[6], has been interpreted by the Supreme

---

[4] Because it is sitting in diversity, this Court is obligated to apply state substantive law. Times-Picayune Pub. Corp. v. Zurich Am. Ins. Co., 421 F.3d 328, 334 (5th Cir. 2005) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). The parties do not dispute that Mississippi substantive law applies in this case.

[5] This statute provides in relevant part:

> When any contractor or master workman shall not pay any person who may have furnished materials used in the erection, construction, alteration, or repair of any house, building, structure, fixture, boat, water craft, railroad, railroad embankment, the amount due by him to any subcontractor therein, or the wages of any journeyman or laborer employed by him therein, any such person, subcontractor, journeyman or laborer may give notice in writing to the owner thereof of the amount due him and claim the benefit of this section; and, thereupon the amount that may be due upon the date of the service of such notice by such owner to the contractor or master workman, shall be bound in the hands of such owner for the payment in full, or if insufficient then pro rata, of all sums due such person, subcontractor, journeyman or laborer who might lawfully have given notice in writing to the owner hereunder . . . .

Miss. Code. Ann. § 85-7-181.

[6] This statute reads as follows:

> When any contractor or subcontractor entering

Court of Mississippi to mean that when a payment bond is given by a contractor, any right in equity or trust which would otherwise exist under § 85-7-181 in favor of materialmen and laborers in funds due a contractor held by an owner does not lie. <u>Dickson v. United States Fid. & Guar. Co.</u>, 117 So. 245, 248 (Miss. 1928); <u>see also Nelson v. City of Horn Lake ex rel. Bd. of Aldermen</u>, ___ So. 2d ___, 2007 WL 3378658, at ¶ 33 (Miss. Nov. 15, 2007)(noting that "where bond is given under Mississippi Code Annotated Section 85-7-

---

> into a formal contract with any person, firm or corporation, for the construction of any building or work or the doing of any repairs, shall enter into a bond with such person, firm or corporation guaranteeing the faithful performance of such contract and containing such provisions and penalties as the parties thereto may insert therein, such bond shall also be subject to the additional obligations that such contractor or subcontractor, shall promptly make payments to all persons furnishing labor or material under said contract; and in the event such bond does not contain any such provisions for the payment of the claims of persons furnishing labor or material under said contract, such bond shall nevertheless inure to the benefit of such person furnishing labor or material under said contract, the same as if such stipulation had been incorporated in said bond, and any such person who has furnished labor or materials used therein; for which payment has not been made, shall have the right to intervene and be made a party to any action instituted on such bond, and to have his rights adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the rights or claim for damages or otherwise, of the obligee.

Miss. Code. Ann. § 85-7-185.

185 (Rev. 1999), the bond serves in lieu of any equity or trust in favor of materialmen and laborers."). As the <u>Dickson</u> court stated,

> [i]f the contractor does not give the bond
> provided by the statute, laborers and
> materialmen have an equity under [§ 85-7-181]
> in the funds due the contractor by the owner
> of the building. But where the bond is given
> as provided by the statute, such funds are
> released from such equity or trust in favor of
> materialmen and laborers and go into the hands
> of the contractor untrammeled.

<u>Id.</u> at 248.

In Exhibit B to its Answer, Lakeside produces a copy of the Hartford Casualty Insurance Company payment bond procured by Hinton Construction covering the Project.[7] Because this bond comports with § 85-7-185, <u>Dickson</u> dictates that Hinson Plumbing cannot succeed on its ostensible claim for a lien under § 85-7-181 on the funds owed (if any) on the Project by Lakeside as owner to Hinton Construction as contractor. Therefore, the Court finds that Lakeside is entitled to a judgment as a matter of law on the

---

[7] The payment bond was given by Hinton Construction in favor of Place, who was listed as "Owner" therein. Mississippi Code Annotated § 85-7-185 only states that when a bond is given by a contractor who has entered into "a formal contract with any person, firm or corporation, for the construction of any building or work or the doing of any repairs[,]" any persons furnishing labor or materials under the construction contract have rights under the bond if payment is not made by the contractor; there is no requirement that the actual owner be named in the bond. Because "the purpose of the bond section of the statute was to provide for the protection of materialmen and laborers[,]" <u>id.</u>, and that purpose was satisfied by Hinton Construction's procurement of the payment bond, the fact that Lakeside was not named as owner in the bond is immaterial.

plaintiff's claim.

### IV. CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that Defendant Lakeside Place, LLC's Motion to Dismiss for Failure to State a Claim or, Alternatively, for Judgment on the Pleadings [**docket entry no. 12**], construed as a Motion for Summary Judgment, is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant Lakeside Place, LLC shall be dismissed from the action **WITH PREJUDICE.**

**SO ORDERED,** this the  3rd  day of January 2008.


　　　　　　　　　　　　 s/ David Bramlette          
　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**